**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| L.L. BENAS, | No. 09-56561 |
| Plaintiff-Appellant, | |
| v. | 2:00-cv-11507-FMC-SHx |
| LEROY BACA, et al., | |
| Defendants-Appellees. | MEMORANDUM[*] |
| and | |
| MICHAEL ANTONOVICH, et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted May 4, 2011[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1

Before: WARDLAW, NOONAN, Circuit Judges, and KORMAN, District Judge[***]

This is an appeal from an order of the United States District Court for the Central District of California denying Yagman & Yagman & Reichmann ("YYR") an award of attorneys' fees for its representation of plaintiff, L.L. Benas, in an action pursuant to 42 U.S.C. § 1983 against all five members of the Los Angeles County Board of Supervisors, the sheriff, and a number of sheriff's deputies.

We pass over the complicated procedural history of the case and turn directly to the relevant facts. Briefly, while the § 1983 action was pending, Ms. Benas filed for bankruptcy. The trustee of her estate entered into a settlement with the defendants for $35,000 on the condition that the trustee execute a full release of all claims in favor of defendants and that the lawsuit be dismissed with prejudice. The trustee then moved to dismiss the action while YYR moved for an award of attorney's fees pursuant to 42 U.S.C. § 1988 based on the retainer agreement it had entered into with Ms. Benas that provided:

> To the extent it is permitted by law, the client hereby irrevocably assigns client's right and/or entitlement to any fee award to the attorney and agrees that the attorney may apply for any such award in the client's name or in the attorney's name, at the attorney's option; client hereby consents to attorney intervention in client's case for the purpose of asserting any claim to fees.

---

[***]    The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

Relying on *Pony v. County of Los Angeles*, 433 F.3d 1138, 1140 (9th Cir. 2006), *cert. den., sub. nom. Mitchell v. L.A. County,* 547 U.S. 1193 (2006), which held that a plaintiff may not assign her right to seek attorney's fees, *Pony,* 433 at 1145, the district judge denied YYR's motion for attorney's fees and dismissed the complaint.

In its brief on appeal, YYR acknowledges: (1) that "[t]he main dispositive issue on this appeal is whether a prevailing Section 1983 plaintiff's right to an award of attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, may be assigned to her legal counsel" and (2) that our decision in *Pony* "on which the district court relied, answers in the negative." Nevertheless, YYR argues that *Pony* was wrongly decided. Whether there is any merit to this argument is a matter resolvable only by our court sitting *en banc* or by the Supreme Court and not by a three-judge panel. *See Hulteen v. AT&T Corp.*, 498 F.3d 1001, 1009 (9th Cir. 2008) ("A three-judge panel must follow a prior circuit decision unless a subsequent decision by a relevant court of last resort either effectively overrules the decision in a case 'closely on point' or undercuts the reasoning underlying the circuit precedent rendering the cases 'clearly irreconcilable.'") *rev'd on other grounds sub nom*, *AT&T Corp. v. Hulteen*, 129 S.Ct. 1962 (2009); *accord*, *U.S. v. Gonzalez-Zotelo*, 556 F.3d 736, 740 (9th Cir. 2009).

YYR also argues that this case is distinguishable from *Pony* because Ms. Benas

3

joined in its application for attorneys' fees.  This distinction is of no consequence because Ms. Benas' assignment of her right to seek attorneys' fees was invalid and because the § 1983 cause of action, from which the claim for counsel fees derived, belonged to the trustee of her bankruptcy estate.  Thus, Ms. Benas had no legal interest in the outcome of the proceeding.

**AFFIRMED**.